IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN ESQUE on Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CAUSE NO. 1:23-cv-1791 |
| DWD COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

This is a Class and Collective Action brought on behalf of all former and current truck drivers of Defendant ("the Class" and the Collective Class") against Defendant, DWD Company, LLC ("DWD").

### I. Parties

1. Each member of the Class and Collective Class is or was a truck driver of DWD at all times relevant to this action.

2. Plaintiff, Mr. Esque, is a resident of Indianapolis, Indiana.

3. Defendant, DWD, is a limited liability company that headquartered in Indianapolis, Indiana.

### II. Jurisdiction and Venue

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Collective bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

6. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant doing business in this District.

### III. Class and Collective Action Allegations

7. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of DWD ("the Collective Class").

8. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of DWD ("the Class").

9. The members of the Class and Collective were paid on an hourly basis.

10. The members of the Collective Action routinely worked forty (40) or more hours in one workweek.

11. The members of the Class and Collective were not paid for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

12. The members of the Class and Collective were not paid for all the time spent driving to and from the Shop to work sites, from work site to work site and from suppliers to the work site.

13. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective

action. The names, addresses, and relevant documentation of members of the Class and Collective should be in the business records of DWD. Notice may be provided to members of the Class and Collective or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

### IV. Factual Allegations

14. Mr. Esque was a truck driver for DWD.

15. Mr. Esque was working for DWD in 2020.

16. Mr. Esque was paid on an hourly basis.

17. Mr. Esque was not paid for all time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

18. Mr. Esque was not paid for all time spent driving the truck from the Shop to pick up supplies, from the supply location to the work site, from work site to work site and from the work site back to the Shop.

19. This unpaid work time was either regular or overtime hours.

20. Mr. Esque routinely worked over forty (40) hours in a workweek.

21. Mr. Esque worked over forty (40) hours during, but not limited to, the following workweeks: September 27, 2020 to October 3, 2020; October 4, 2020 to October 10, 2020; November 1, 2020 to November 7, 2020; April 18, 2021 to April 24, 2021; June 20, 2021 to June 26, 2021; August 1, 2021 to August 7, 2021; September 12, 2021 to September 17, 2021; October 31, 2021 to November 6, 2021; May 15, 2022 to May 21, 2022; June 12, 2022 to June 18, 2022; June 19, 2022 to June 25, 2022; and July 17, 2022 to July 23, 2022.

22. Defendant did not have a good faith reason for failing to pay Mr. Esque these regular hours.

23. Defendant willfully failed to pay Mr. Esque these overtime hours.

24. Mr. Esque quit his employment with Defendant in July 2022.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

25. Plaintiffs incorporate paragraphs 1 through 24 by reference herein.

26. Plaintiff and the members of the Collective Class are or were employees of DWD pursuant to the FLSA.

27. DWD is an employer pursuant to the FLSA.

28. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

29. DWD had gross revenues of at least $500,000.00 for the 2019 calendar year.

30. DWD had gross revenues of at least $500,000.00 for the 2020 calendar year.

31. DWD had gross revenues of at least $500,000.00 for the 2021 calendar year.

32. DWD had gross revenues of at least $500,000 for the 2022 calendar year.

33. Plaintiffs and the members of the Collective Class have been and continue to be damaged by Defendant's violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendant with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II - Class Action
### Wage Payment Statute

34. Mr. Esque incorporates paragraphs 1 through 33 by reference herein.

35. Mr. Esque was not paid all wages due and owing to him during his employment.

36. Plaintiff and the members of the Class have been and continue to be damaged by Defendant's violations of the CBA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

  B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

  C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

  D. Enter an award for such other relief as may be just and appropriate.

    Respectfully submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49

## IV. Jury Demand

37. Plaintiff incorporates paragraphs 1 through 36 by reference herein.

38. Plaintiff demands a trial by jury.

    Respectfully submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49
    Class & Collective Action Counsel

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: 317.842.6600
Fax: 317.842.6933
rweldy@weldylegal.com