IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN ESQUE on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO 1:23-cv-1791 CSW-JRS |
| DWD COMPANY, LLC, DANIEL BALLARD, WHITNEY RAWLINGS, and DANAE SPANGLER, | ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

**I.   Introduction**

Plaintiff, Kevin Esque, filed suit against Defendants, DWD Company LLC ("DWD"), Daniel Ballard, Whitney Rawlings and Danae Spangler, asserting collective action and class claims relating to employee wage payments. The collective and class actions preliminary certified by the Court includes the truck drivers of DWD from October 4, 2021 to October 13, 2024 who have viable claims during this time period.

The parties reached a settlement in this matter, and the Court, in its March 19, 2025 Order, preliminary approved the parties' settlement, preliminary certified the plaintiff class pursuant to Rule 23 and 29 U.S.C. §216(b), approved the notice, directed notice to Class Members, approved the Class Administrator and set the Final Approval Hearing and various other deadlines, including a deadline for the filing of any objections to the settlement. No objections have been filed, and the parties jointly submit this Motion for Final Approval of Settlement in anticipation of the Final Approval Hearing set for July 11, 2025.

## II.     Procedural Background, Notice, Claim and Objections

Plaintiff filed this action in this Court on October 4, 2023.  (ECF No. 1).  Defendants filed a Motion to Dismiss on November 29, 2023.  (ECF No. 18).   On January 3, 2024, Plaintiff filed a Motion to Amend Complaint.  (ECF No. 26).  On January 4, 2024, this Court granted Plaintiff's Motion to Amend Complaint.  (ECF No. 28).  Plaintiff filed his Amended Complaint on January 5, 2024.  (ECF No. 29).  Defendants filed a second Motion to Dismiss on January 18, 2024.  (ECF No. 31).  On February 22, 2024, Plaintiff filed his Second Motion to Amend Complaint.  (ECF No. 42).  On March 12, 2024, this Court granted Plaintiff's Second Motion to Amend Complaint.  (ECF No. 45).  On March 18, 2024, Plaintiff filed his Second Amended Complaint.  (ECF No. 46).  On March 29, 2024, Defendants filed their Third Motion to Dismiss. (ECF No. 52).  On April 15, 2024, Plaintiff filed his Motion for Conditional Certification.  (ECF No. 56).  On June 20, 2024, Defendants filed a Motion to Strike certain affidavits filed in support of Plaintiff's Motion for Conditional Certification.  (ECF No. 72).  On July 29, 2024, this Court denied Defendants' Motion to Dismiss and Motion to Strike and denied, without prejudice, Plaintiff's Motion for Conditional Certification.  (ECF No. 80).

Thereafter, the parties engaged in written discovery.  On December 6, 2024, Plaintiff filed a Motion to Approve Service of Notice of Collective Action.  (ECF No. 98).  On December 16, 2025, Plaintiff filed an Amended Motion to Approve Service of Notice of Collective Action. (ECF No. 103).  On December 17, 2024, this Court approved the Notice of Collective Action. (ECF No. 104).  On December 23, 2024, Plaintiff filed a Notice of Mailing and Emailing Notice of Collective Action.  (ECF No. 106).

On January 16, 2025, the parties conducted a Settlement Conference with Magistrate Judge Wilderman and successfully settled this matter.  On March 19, 2025, this Court preliminarily approved the settlement and approved the Notice of Proposed Class and Collective

2

Action Settlement and Final Settlement Approval Hearing to the Class Members. (ECF No. 133). The Class Administrator mailed, emailed and text the 41 Class Members the Notice on April 9, 2025. (Declaration of Laura Singh ("Singh Dec.") ¶8; a true and accurate copy of this Declaration is attached hereto as Exhibit A). The Class Administrator did not get any returned Notices. (Singh Dec. ¶9). The Class Administrator did re-mail three (3) Notices. (Singh Dec. ¶10). The Class Administrator did not receive any objections or requests for exclusion from any Class Member. (Singh Dec. ¶11).

### III. Statement of Facts

#### A. The Parties

DWD is a dump truck company located in Indianapolis, Indiana and providing dump truck services throughout central Indiana. Daniel Ballard, Whitney Rawlings and Danae Spangler are all members and allegedly managers of DWD. Named Plaintiff, Kevin Esque, is a former employee of DWD who worked for DWD between 2020 and quitting his employment in July 2022. The preliminarily-approved Class Members are all truck drivers of DWD from October 4, 2021 to October 13, 2024 who were not paid all of the wages that they earned. The total number of preliminarily-approved Class Members is 41, including Mr. Esque.

#### B. Basis of Claims

The Class claims that Defendants failed to pay Mr. Esque and the other truck drivers all of their time worked resulting in unpaid overtime wages. The Class seeks to recover these wages and statutory damages under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and Indiana's Wage Payment Statute, §22-2-5 *et. seq.*

#### C. Parties' Settlement

The parties reached a settlement of this matter which this Court preliminarily approved in its March 19, 2025 Order. (ECF No. 133). The amount agreed to by the parties in the settlement

represents a recovery of $130.00 for each week that a Class Member worked over 30 hours in a workweek during the time period covered by this lawsuit. Class Counsel will receive $191,666.66 in attorney fees and $644.01 in expenses. Mr. Esque and Tyra Denton will receive $10,000.00 a piece as service awards.

IV. **Approval of the Settlement is Appropriate**

    A. **FLSA Collective Action**

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. *See Sutherlin v. Phoenix Closures, Inc.*, 2018 WL 4620269, at *1 (S.D. Ind. Sept. 26, 2018) ("Unless the Department of Labor is supervising the dispute, an FLSA case can't be settled and simply dismissed; the court's approval is required.") (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986))). To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal alteration and quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlement for fairness." *Id.* To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Beachy v. Reliance Construction, Inc.*, 2015 WL 6828864, at *2 (N.D. Ind. Nov. 6, 2015)

(approving settlement agreement where the settlement was "fair and reasonable, and reflects a reasonable compromise of disputed issues") (internal quotation omitted).

### B. Rule 23 Class Action

The Parties respectfully request that the Court approve the settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. As an initial matter, for purposes of settlement, the parties agreed, and the Court conditionally found, that the requirements for certification of a settlement class have been met. *See* (ECF No. 133).

In addition, the settlement is fair to the Class Members in light of the claims asserted, Class Members' potential for recovery, and the benefits of avoiding the risks and expense of further litigation. The Court may approve a class action settlement if it is fair, reasonable, and adequate. *See Williams v. Rohm and Haas Pension Plan*, 658 F. 3d 629, 634 (7th Cir. 2011). Among the factors that a court should consider are: the strength of the Plaintiff's case compared to the Defendants' offer; the likely length, complexity and expense of further litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery already completed. *Winston v. Speybroeck*, 3:94CV0150AS, 1996 WL 476692 (N.D. Ind. Aug. 14, 1996) (citing *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985)). "Federal Courts naturally favor the settlement of class action litigation." *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884 (7th Cir. 1985), cert. denied, 478 U.S. 1004 (1986). "Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong*, 616 F.2d 305, 313.

In the present case, the Settlement Agreement was negotiated at arms-length and its terms are favorable to all Class Members when compared with the potential benefits and risks of further litigation. The settlement reached by the Parties provides for multiple hours of overtime wages for each Class Member for each week they worked thirty (30) or more hours in a workweek. Accordingly, this settlement is within the "range of possible approval."

Further, the early resolution of the Class claims avoids the substantial time and expense of litigating the class action claim. All parties would benefit from settlement to avoid protracted and uncertain litigation of the issues involved in this case.

Finally, no Class Member or other person filed any objection to the settlement.

The parties' settlement is in accordance with the FLSA and Wage Payment Statute and represents a fair settlement in light of the desire of both parties to avoid the uncertainty of protracted litigation.

### V.  Conclusion

The settlement reached constitutes a fair compromise of the Class's claims. The Parties therefore request that the Court approve the settlement.

Respectfully submitted on this 20th day of June, 2025

| | |
|---|---|
| /s/Ronald E. Weldy | /s/A. Jack Finklea III |
| Ronald E. Weldy, #22571-49 | A. Jack Finklea, III (22212-49) |
| rweldy@weldylegal.com | jfinklea@scopelitis.com |
| Weldy Law | Scopelitis, Garvin, Light, Hanson & Feary, P.C. |
| 11268 Governors Lane | 10 West Market Street, Suite 1400 |
| Fishers, IN 46037 | Indianapolis, IN 46204 |
| Tel: 317-842-6600 | P: 317-637-1777 \| F: 317-687-2414 |
| | |
| | *Attorneys for Defendants DWD Company, LLC, Daniel Ballard, Whitney Rawlings, and DaNae Spangler* |
| *Attorney for Plaintiff, Kevin Esque* | |