UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN ESQUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-cv-01791-CSW-JRS |
| | ) |
| DWD COMPANY, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is the parties' *Joint Motion for Final Approval of Settlement*. (Dkt. 138). Specifically, the parties seek approval of the settlement of claims as set forth in the Settlement Agreement ("Agreement"), (Dkt. 131), and dismissal of the Civil Action with prejudice in accordance with the terms of the Agreement. Also before the Court is Plaintiffs' *Unopposed Motion for Attorney Fees, Costs, and Service Awards*. (Dkt. 136). The parties have consented to the Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 128). The Court now **GRANTS** the Motions. (Dkts. 136, 138).

The Court preliminarily approved the Agreement, a copy of which was submitted to the Court, in this action by order entered on March 19, 2025 (the "Preliminary Approval Order"). (Dkt. 133).

On July 11, 2025, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it in advance of the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are **GRANTED**. (Dkts. 136, 138). The Court **ORDERS** as follows:

1. Unless otherwise defined herein, all terms used in this Order will have the same meaning as defined in the Agreement.

2. **Final Certification of the Settlement Class.** The Settlement Class is comprised of the following:

> All truck drivers employed by DWD between October 4, 2021, and October 13, 2024.

The Court finds that the Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class.

3. **Final Certification of the Settlement Collective.** The Settlement Collective is comprised of the following:

> All 41 truck drivers who worked for DWD between October 4, 2021, and October 13, 2024, and who timely opted in to this collective action and have viable claims within three years of the date that they opted in to this case.

As set forth in the Preliminary Approval Order, the Settlement Collective is capable of being certified under the Fair Labor Standards Act because the Rule 23 requirements are met. ([Dkt. 133 at 4–8 & n.3](#)).

4. **Objections.** There have been no objections to the settlement or the pending Motions.

5. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of Plaintiff and the Settlement Class and Settlement Collective members, reached by the parties after the exchange of information and intensive arms-length negotiations at a judicial settlement conference with the Undersigned and with the assistance of experienced counsel.

The Agreement is fair, just, reasonable, and adequate to, and in the best interest of, the Settlement Class and Settlement Collective members. It achieves a definite and certain result for the benefit of the Settlement Class and Settlement Collective members that is preferable to continuing litigation in which the Settlement Class and Settlement Collective members would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the

settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a *bona fide* dispute between Plaintiff, Class and Collective members, and Defendant.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all Settlement Class and Settlement Collective members in accordance with the terms of the Agreement.

6. **Notice to the Class.** The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all Settlement Class and Settlement Collective members with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7. **Attorney's Fees and Costs.** The Court approves Class Counsel's requested award of fees in the amount of $191,666.66 and costs in the amount of $644.01. The Court finds this award of fees and costs is justified.

**IT IS THEREFORE ORDERED** that Class Counsel is entitled to one-third (1/3) of the common settlement funds under the Common Fund Doctrine or $191,666.66.

**IT IS ALSO ORDERED** that Class Counsel shall be paid $644.01 for costs incurred in this matter out of the Settlement funds.

8. **Service Awards.** The Court approves Class Counsel's requested service awards.

**IT IS THEREFORE ORDERED** that Kevin Esque and Tyra Denton are entitled to service awards of $10,000.00 each for their efforts in this matter.

9. **Administering the Settlement of Claims.** The parties shall administer the settlement as set forth in the Agreement.

10. **Dismissal with Prejudice.** All claims in the Civil Action are **DISMISSED WITH PREJUDICE.**

In conclusion, the Court **GRANTS** Plaintiffs' *Unopposed Motion for Attorney Fees, Costs, and Service Awards*, (Dkt. 136), and the parties' *Joint Motion for Final Approval of Settlement*, (Dkt. 138).

The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: July 14, 2025

*/s/ Crystal S. Wildeman*
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to all ECF registered counsel of record.